A89A1552. ADAMS v. WINN-DIXIE STORES, INC.
(386 SE2d 686)

BANKE, Presiding Judge.

The appellant sued to recover for injuries she allegedly sustained when she slipped on a floor mat and fell while entering the appellee's store. She appeals the grant of the appellee's motion for summary

judgment.

It was raining at the time of the incident, and there was a "Caution-Wet Floor" sign in place at the entrance to the store. The appellant maintained that she did not see this sign; however, there is no suggestion that she was prevented or distracted from seeing it due to some other condition existing on the premises. The appellant did not notice the presence of water on the floor until after she fell, at which time she observed that it was "deep enough to form a puddle." The store manager averred that he had checked the condition of the floor at the entrance to the store "shortly before" the appellant fell and that he had mopped the floor in order to minimize the accumulation of rain water. His testimony in this regard was not disputed. There was no allegation that the floor mat at the entrance to the store was in any way defective. *Held*:

"It is common knowledge that when people enter any building in rainy conditions, moisture is tracked in and the inside of the door is likely to be wet; it is a matter of common knowledge that some water will normally be present where shoppers pass during rainy weather. [Cits.] It is not the duty of persons in control of such buildings to keep a large force of moppers to remove the rain as fast as it collects. [Cit.] The duty owed to such invitees is one of ordinary care, or to protect against an unreasonable risk of harm. [Cit.] The risk of harm imposed by some accumulation of water on the floor of business premises during rainy days is not unusual or unreasonable in itself, but is one to which all who go out on a rainy day may be exposed and which all may expect or anticipate. [Cits.]" *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44, 45 (332 SE2d 304) (1985). See also *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170 (138 SE2d 77) (1964); *Brownlow v. Six Flags Over Ga.*, 172 Ga. App. 242 (322 SE2d 548) (1984).

The present case is controlled by *Alterman Foods v. Munford*, 178 Ga. App. 214 (342 SE2d 480) (1986), wherein we held that a "wet floor" sign placed at the entrance to a store, combined with periodic mopping of the entrance area during rainy periods to prevent an unreasonable accumulation of rain water, constituted reasonable and ordinary care on the proprietor's part. Compare *Rodriquez v. Piggly Wiggly Southern*, 185 Ga. App. 79 (363 SE2d 291) (1987). Based on the evidence of record in the present case, the trial court did not err in granting the appellee's motion for summary judgment.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 5, 1989 —
REHEARING DENIED SEPTEMBER 25, 1989.

*Michael R. Casper*, for appellant.

*Hulsey, Oliver & Mahar, Joseph D. Cooley III*, for appellee.