A91A0510, A91A0511. HOLMES et al. v. METROPOLITAN
ATLANTA RAPID TRANSIT AUTHORITY.
(407 SE2d 124)

CARLEY, Judge.

The facts, insofar as they are relevant to these appeals, are as follows: After a vehicular collision, two suits were filed wherein appellants Randall Holmes and his employer, Hanna Creative Enterprises, Inc., and appellee Metropolitan Atlanta Rapid Transit Authority (MARTA) were named as defendants. The complaints alleged that MARTA had been negligent in allowing "a quantity of diesel or other type fuel or oil to spill onto the roadway, creating a potentially dangerous condition for vehicles travelling thereon [and] had been warned about creating such a potentially dangerous condition on numerous occasions prior to the date of the collision . . . and had the means and opportunity to discover and remove the diesel or other type of fuel or oil from the roadway prior to the time of the subject collision. . . ." After discovery, MARTA moved for summary judgment in both cases and the trial court granted the motions. In their capacities as alleged joint tortfeasors, appellants filed appeals from the grant of summary judgment in favor of MARTA. See *Merritt v. McCrary*, 162 Ga. App. 825, 826 (1) (292 SE2d 920) (1982). Compare *Shackelford v. Green*, 180 Ga. App. 617 (349 SE2d 781) (1986), aff'd

257 Ga. 9 (356 SE2d 27) (1987). The two appeals are hereby consolidated for appellate disposition in this single opinion.

The evidence of record establishes that neither of the two plaintiffs nor appellant Holmes, the three individuals who had actually been involved in the vehicular collision, had personal knowledge of the existence of a spill on the roadway attributable to MARTA. In fact, neither of the plaintiffs nor appellant Holmes had any personal knowledge of the existence of *any* spill whatsoever on the roadway. One of the plaintiffs acknowledged that she had not noticed "any slickness on the road at all." The other plaintiff acknowledged that she had not noticed "any kind of wetness on the pavement at all." Appellant Holmes testified that the roadway had appeared "perfectly dry" to him and that he had never seen "any kind of liquid spillage of any kind" on the roadway. Thus, the parties' own testimony negates the existence of a spill on the roadway, an essential element of the claim that MARTA has any liability for the vehicular collision, and, in the absence of any evidence to the contrary, the grant of summary judgment was proper. See generally *Tolliver v. Hollingsworth*, 161 Ga. App. 118 (289 SE2d 272) (1982).

The only sworn testimony offered in opposition to MARTA's motion was the affidavit of a police officer who investigated the collision. In his affidavit, the officer stated that he had observed a large diesel spill at the scene and that he had been told by unidentified individuals that they had "observed diesel oil spill from a MARTA bus onto the [roadway] just prior to the [collision]." The officer's testimony as to his observations *after* the collision would not appear to be probative as to the existence of a spill on the roadway *at the time of the collision.* " ' "The doctrine of continuity, that is, that a state of things proved to have once existed is presumed to have continued to exist until a change or some adequate cause of change appears ([cit.]), does not include a presumption either that something shown to exist will continue in the future, or that it had previously existed. The doctrine is limited to the presumption that something which has been shown to have existed has thereafter continued to exist." ' [Cit.]" *McCluskey v. American Oil Co.*, 224 Ga. 253, 255 (161 SE2d 271) (1968). Even assuming that the officer's testimony regarding his post-collision observations would constitute probative *circumstantial* evidence as to the pre-collision existence of a spill on the roadway, that testimony would not be sufficient to rebut the *direct* evidence in the form of the parties' testimony that, on personal knowledge, no such pre-collision spill existed. " ' "In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists." ' [Cit.]" *Withrow Timber Co. v. Blackburn*, 244 Ga. 549, 553 (261 SE2d 361) (1979).

Moreover, even assuming that the officer's testimony regarding his post-collision observations was otherwise probative as to the existence of a pre-collision spill on the roadway, his testimony was clearly not probative as to whether that spill was attributable to MARTA. "The testimony of the police officer in this case as to what he knew about [when and] how [any spillage] occurred clearly came from the lips of [unidentified witnesses] at some indefinite time after the occurrence. It was not testimony of an exclamation or surprise uttered at the time of, or so nearly in connection with, the occurrence as to reasonably be said to constitute a part of the res gestae." *Augusta Coach Co. v. Lee*, 115 Ga. App. 511, 517 (154 SE2d 689) (1967). Compare *Whitley v. State*, 137 Ga. App. 68, 69 (2) (223 SE2d 17) (1975). "The hearsay statement[s] of the [unidentified witnesses], which [were] not part of the res gestae, [were] not admissible in a summary judgment proceeding. [Cit.]" *Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 66 (2c) (397 SE2d 576) (1990).

The evidence of record establishing that no genuine issue of material fact remains as to MARTA's liability for the collision, the trial court correctly granted summary judgment in favor of MARTA.

*Judgments affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED JUNE 25, 1991.

*Webb, Carlock, Copeland, Semler & Stair, Douglas W. Smith, Paul R. Vancil*, for appellants.

*Chambers, Mabry, McClelland & Brooks, Walter B. McClelland, Cynthia J. Becker, Ray C. Norvell, Sr.*, for appellee.