A92A0129. WINN-DIXIE ATLANTA, INC. v. BIANCO.
(418 SE2d 819)

ANDREWS, Judge.

Bianco sued Winn-Dixie Atlanta, Inc. for injuries she sustained when she slipped and fell in a puddle of water as she entered a Winn-Dixie store. We granted Winn-Dixie's interlocutory appeal to review the trial court's denial of Winn-Dixie's motion for summary judgment.

It was raining the afternoon Bianco entered the store, and had been raining prior to that time throughout the day. A few feet inside the entrance to the store, Bianco slipped and fell when she stepped in a puddle of water on the floor. She did not see the water until she fell. On rainy days such as the one at issue, the store inspected and mopped dry the entrance way to the store at least every 30 minutes. On the day in question this policy was followed, and the area where Bianco fell had been mopped dry within 20 to 30 minutes prior to the fall.

Bianco knew of the rainy conditions, and it is common knowledge that during rainy weather some water will normally be present where shoppers enter a building. There was no lack of care by Winn-Dixie since the store exercised reasonable care under the conditions to keep the premises safe from any unreasonable risk of harm by frequent periodic inspection and mopping of the floor. On these facts, there is no evidence showing Winn-Dixie had or should have had superior knowledge of a condition or hazard posing an unreasonable risk of harm that was the proximate cause of Bianco's injury. Accordingly, the trial court erred by denying Winn-Dixie's motion for summary judgment. *Layne v. Food Giant,* 186 Ga. App. 71 (366 SE2d 402) (1988); *Hagin v. Winn-Dixie Stores,* 180 Ga. App. 303 (348 SE2d 766) (1986); *Allen v. Big Star Food Market,* 172 Ga. App. 879 (324 SE2d 820) (1984); see also *Alterman Foods v. Munford,* 178 Ga. App. 214 (342 SE2d 480) (1986); *Colbert v. Piggly Wiggly Southern,* 175 Ga. App. 44 (332 SE2d 304) (1985).

*Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MAY 20, 1992.

*Fain, Major & Wiley, Gene A. Major, Roger W. Orlando,* for appellant.

*Kenneth J. Rajotte,* for appellee.