## A93A1518. LEA v. AMERICAN HOME EQUITIES, INC. et al.
(435 SE2d 734)

Johnson, Judge.

Ann Lea rode the elevator in her apartment building down two floors to get her mail and put her newspapers in a recycling bin located in the garage. When she got off the elevator she noticed that the indoor/outdoor carpeting in the hallway was soaking wet. She saw a small cardboard sign which had been posted warning her to "Watch your step." She deposited her newspapers and got her mail. She crossed the wet carpet again and entered the elevator, slipping on the marble floor. Lea filed this lawsuit to recover damages for injuries she sustained as a result of the fall. The trial court granted summary judgment in favor of defendants American Home Equities, Inc., and Lenox South, Ltd., owners and managers of the apartment building. Lea appeals.

1. Lea asserts that the lower court erred in granting defendants' motion for summary judgment because they had superior knowledge of the specific risk of danger confronting Lea.

The record establishes that the water on the carpet was the result of a cleaning process which had been undertaken as a result of a spill of hydraulic oil which had occurred in the elevator service room on the garage level. Lea argues that the defendants had superior knowledge of the oil spill, and that oil was the specific risk to which she was exposed. There is evidence in the record that some of the oil seeped out of the elevator room onto the carpet immediately adjacent thereto. There is no evidence, however, that any of the oil extended to the area which Lea traversed in walking from the elevators to the garage and back again. It would be mere speculation to assume that the spilled oil played any part in her fall. "In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. When uncontradicted and unimpeached evidence is produced as to the real facts, the inference disappears, and does not create a conflict in the evidence so as to require its submission to a jury." (Citations and punctuation omitted.) *Dougherty County Farm Bureau v. Hinman*, 184 Ga. App. 244, 245 (361 SE2d 236) (1987). The specific risk to which Lea was exposed was not oil, but the water remaining in the carpet after cleaning and Lea admits in her deposition that she was aware of the condition of the carpet: "It was very obvious, the carpet was wet — squishy wet."

In order to establish a proprietor's liability for a slip and fall attributable to a foreign substance on the floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of a foreign substance and (2) that the plaintiff was without knowledge of the

substance or for some reason attributable to the defendant was prevented from discovering the foreign substance. *Alterman Foods v. Ligon,* 246 Ga. 620, 623 (272 SE2d 327) (1980). It is uncontroverted that Lea knew of the condition of the carpet and that she saw the warning sign which had been posted in the hallway. "When a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom. [Cits.]" *Rossano v. American Legion Post No. 29,* 189 Ga. App. 610, 612 (3) (376 SE2d 698) (1988). Lea also stated in her deposition that she retraced her route knowing the carpet was wet and entered the elevator even though she was aware that the marble floor in the elevator was slick. Under these circumstances it appears that Lea had equal knowledge of the specific risks which she faced in choosing to return to her apartment by the same route she had just taken to the garage.

2. In her second and final enumeration of error, Lea contends that the lower court erred in granting defendants' motion for summary judgment because she had no reasonable alternative route to return to her apartment. This assertion is not supported by the facts of this case which indicate that Lea knew of three other routes back to her apartment but found them less desirable. She could have walked up two flights of stairs, she could have walked up one flight to the lobby and then caught the elevator, or she could have walked outside the garage and around the building and into the lobby. Where a plaintiff is not *required* to traverse a route upon which a known hazard exists, but chooses to do so, she can be deemed to have voluntarily assumed the risk of injury. See *Powell v. Woodridge Condo. Assn.,* 206 Ga. App. 176, 178 (424 SE2d 855) (1992); *Lindsey v. Housing Auth. of Atlanta,* 181 Ga. App. 814, 815 (354 SE2d 13) (1987); *Grier v. Jeffco Mgmt. Co.,* 176 Ga. App. 158, 160 (335 SE2d 408) (1985). The route taken was not one of necessity and the trial court did not err in entering summary judgment in favor of the defendants.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 9, 1993.

*Goodman & Goodman, Barry Goodman,* for appellant.

*Ware & Associates, Robin P. Lourie, Suzanne T. Fink, Bentley, Karesh & Seacrest, Gary L. Seacrest,* for appellees.