S94A0267. EVANS v. HEARD.
(442 SE2d 753)

BENHAM, Presiding Justice.

This appeal arises from Heard's action for damages allegedly caused by a collision between a car Heard was driving and a tire which came off its axle on a trailer being towed by a truck owned and driven by Evans. The negligence asserted by Heard as the basis of the suit was Evans' purported failure to maintain the vehicle adequately. When Heard admitted in response to interrogatories that he had not preserved any physical evidence from the occurrence and had no direct evidence that Evans had been negligent, Evans filed a motion for summary judgment. The trial court denied the motion, but certified its order for immediate review. The Court of Appeals denied Evans' application for interlocutory appeal, but this court granted certiorari to determine whether the trial court erred in denying the motion for summary judgment.

Evans' motion was based in part on *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), where this court held that a movant for summary judgment

who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party dis-

charges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

Evans contends that the fatal absence of evidence in Heard's case is that which is needed to support the essential element of negligence. Heard, in response, relies on the doctrine of res ipsa loquitur. For the reasons that follow, that reliance is misplaced.

The expression 'res ipsa loquitur' means that the transaction speaks for itself. It is a rule of evidence which allows an inference of negligence to arise from the happening of an event causing an injury to another where it is shown that the defendant owned, operated, and maintained, or controlled and was responsible for the management and maintenance of the thing doing the damage and the accident was a kind which, in the absence of proof of some external cause, does not ordinarily happen without negligence.

(Quotation marks omitted.) *U. S. Fidelity &c. Co. v. J. I. Case Co.*, 209 Ga. App. 61 (3) (432 SE2d 654) (1993). The requirement that the plaintiff show that "the defendant owned, operated, and maintained, or controlled and was responsible for the management and maintenance of the thing doing the damage" was established in those words in *Chenall v. Palmer Brick Co.*, 117 Ga. 106, 109 (43 SE 443) (1902), "the first case in which a court of this State dealt directly with the res ipsa loquitur doctrine in a personal injury action . . ." (*Criswell Baking Co. v. Milligan*, 77 Ga. App. 861, 869 (50 SE2d 136) (1948)), and has continued, in those same words, to this day. See, e.g., *U. S. Fidelity &c. Co. v. J. I. Case Co.*, supra. This requirement that the defendant have exclusive control is essential to the concept of res ipsa loquitur because "it is more particularly within his power to explain the character and condition of the instrumentality which may have occasioned injury than within the power of the injured party." *Sinkowitz v. Peters Land Co.*, 5 Ga. App. 788 (2) (b) (64 SE 93) (1909).

It may readily be observed that the exclusive control requirement has two alternative elements: 1) that the defendant "owned, operated, and maintained," or 2) that the defendant "controlled, and was responsible for the management and maintenance" of the item doing the damage. In the present case, the evidence is undisputed that Evans did not own the trailer from which the tire came. That being so, Heard must rely on the alternative proof, that Evans controlled the trailer and was responsible for its management and maintenance. While it is arguable that the control element is shown by the fact that Evans was driving the vehicle pulling the trailer, there is an absolute

absence of any evidence putting any responsibility on Evans for the management and maintenance of the trailer. The only evidence on the point at all is that the trailer belonged to Evans' son and that Evans had used it on this occasion because it was convenient. Nowhere in the record is there any evidence that Evans had undertaken any responsibility for the management and maintenance of the trailer. That being so, Heard has made neither of the alternative showings required to support the exclusive control element of the doctrine of res ipsa loquitur. It appears, therefore, that Evans has carried his burden under *Lau's Corp.*, supra, to point out an absence of evidence of his negligence, but Heard has not borne his responsibility to point to specific evidence giving rise to a triable issue. Accordingly, Evans was entitled to the grant of his motion for summary judgment and the trial court's denial of the motion was error.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 16, 1994 —
RECONSIDERATION DENIED JUNE 3, 1994.

*Wetzel & Carroll, Michael L. Wetzel*, for appellant.
*Charles H. Lumpkin, Jr.*, for appellee.