*G. Macnamara, Assistant District Attorneys,* for appellee.

## A94A2394. STOCKSTILL v. PRIME FOODS SYSTEM, INC.
### (453 SE2d 784)

ANDREWS, Judge.

Stockstill, injured when she fell in the Hardee's operated by Prime Foods, appeals from the grant of summary judgment to the company.

Viewed with all inferences in favor of Stockstill, opponent of summary judgment, *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991), the evidence was that she and a friend had gone into the Hardee's to get a cup of coffee and wait for some friends who were shopping across the street. Stockstill was of retirement age and wore a back brace due to problems with her vertebrae. They obtained their coffee and sat at a table where they could see the shopping center.

While they were seated, Franklin, an employee of Prime Foods, prepared to perform one of two daily routine moppings of the dining room floor. He placed at least four warning signs around the dining area. These signs were two feet tall, bright yellow, and bore the warning "Caution Wet Floor." Franklin then inspected the dining floor area and did not find any evidence of any foreign substances. The floor was mopped with clean warm water, to which had been added a non-greasy bleach sanitizer. The evening before, as was customary every evening, the floor had been mopped with detergent after closing.

According to her deposition, Stockstill did not see the signs or Franklin mopping before she fell. There is no evidence that she was prevented from seeing them by any distraction created by Prime Foods. She said she got up from the table and began to walk toward the door behind her friend, Weldon. Weldon was a couple of feet in front of her and Stockstill was looking straight ahead and down as she walked. Both of her feet went out from under her at the same time and she fell about five feet from the table where she had been sitting. Weldon, walking in front of Stockstill, had no trouble traversing the floor.

Stockstill stated that, after she fell, the floor felt wet and greasy.[1]

Hayes, the assistant manager of the Hardee's, stated that, in ad-

---

[1] At the oral argument on the motion for summary judgment, plaintiff's contentions were stated as "the condition was caused by mopping the floor, regardless of the . . . how you would define the condition, whether the floor was wet, greasy, greasy wet, slippery wet, or wet and greasy."

dition to the twice daily moppings, all employees were instructed to periodically check the floor for foreign substances and take corrective actions if necessary. Further, at the time in question, Franklin had just finished emptying the trash from inside and it was company policy that the floors be mopped with the water/sanitizer mixture after trash had been emptied. Franklin stated that, after Stockstill fell, he noticed that one of the wet floor signs was five feet from where she fell.

1. While Stockstill has made some allusion, see fn. 1, supra, to the fact that the floor felt "greasy," that is not enough, on summary judgment, to carry her case with regard to the presence of a foreign substance. " 'In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. When uncontradicted and unimpeached evidence is produced as to the real facts, the inference disappears, and does not create a conflict in the evidence so as to require its submission to a jury.' [Cit.]" *Lea v. American Home Equities,* 210 Ga. App. 214 (1) (435 SE2d 734) (1993).

Here, Franklin's affidavit stated unequivocally that the mop which he was using at the time of Stockstill's fall was "clean and free of grease." In response, Stockstill submitted her own contention that the floor felt "wet and greasy" and the statement of one of the women with her that she saw the floor was wet after the fall and a young man was standing in the restaurant "with a very dirty and oily looking mop." No issue of fact requiring submission to a jury is made out.

2. "The slip and fall cases involving foreign substances are inapplicable in an instance where the plaintiff alleges that [s]he fell because of the slippery wax, oil or other finish that defendant placed on the floor. Because the defendant applied or authorized the application of the floor treatment, he is presumed to have knowledge of its existence. [Cit.] In this type of case the plaintiff may make out a cause of action by showing an act or omission on the part of the defendant which was the proximate cause of [the] injury and which could not have been avoided by the plaintiff through the exercise of ordinary care. [Cit.]" *Alterman Foods v. Ligon,* 246 Ga. 620, 623-624 (272 SE2d 327) (1980).

Here, there has been no showing of any act or omission on the part of Prime Foods which violated the required standard of care. The duty is one of "ordinary care" and to protect against an "unreasonable risk of harm." *Adams v. Winn-Dixie Stores,* 192 Ga. App. 892, 893 (386 SE2d 686) (1989).

Although Stockstill may not have seen them, it is undisputed that at least four wet floor signs had been placed before Franklin began his routine mopping. " 'This was reasonable and ordinary care on

[appellee's] part, even assuming . . . [appellant] did not have equal knowledge of the hazard. To say otherwise would render [appellee] an insurer of its customers' safety, which (it) is not in this state. (Cit.) . . . There is simply no evidence of negligence on the part of this [appellee].' [Cit.]" *Alterman Foods v. Munford*, 178 Ga. App. 214, 215 (342 SE2d 480) (1986).

While *Munford* and other cases[2] dealing with mopping by a proprietor have generally occurred in the context of attempting to remove water created by rainy conditions, there is no reason to treat routine maintenance mopping in a different way, absent a showing of negligence in the manner of mopping, which has not been shown here.

Therefore, the grant of summary judgment to Prime Foods was appropriate.

*Judgment affirmed. Beasley, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 1, 1995.

*Barnes, Browning, Tanksley & Casurella, Jerry A. Landers, Jr.,* for appellant.
*Bovis, Kyle & Burch, J. S. Scott Busby,* for appellee.

---

[2] Compare *Winn-Dixie Atlanta v. Bianco*, 204 Ga. App. 292, 293 (41 SE2d 819) (1992) (plaintiff fell inside door during rain, proprietor routinely inspected and mopped dry the entrance every 30 minutes during rain, summary judgment mandated) and *Adams v. Winn-Dixie Stores*, supra (plaintiff did not see "wet floor" sign; fell in water she did not see until after she fell where proprietor had "shortly before" checked and mopped the area, summary judgment affirmed) with *Broomberg v. Hudgens*, 206 Ga. App. 797 (426 SE2d 617) (1992) (issue of fact created where plaintiff fell on slick and wet floor where signs had not been placed on the occasion of her fall, but had been previously when floor mopped).