A95A1432. TAYLOR & MATHIS, INC. et al. v. DOYLE.
(465 SE2d 484)

ANDREWS, Judge.

We granted the application to appeal denial of their motion for summary judgment to Taylor & Mathis, Inc. (Taylor) and BET, Inc., d/b/a Southern Services (Southern), the property management and cleaning companies for an office complex. We reverse.

Viewed with all inferences in favor of Doyle, opponent to summary judgment, the evidence was that she worked for a firm located on the sixth floor of the office building managed by Taylor. Southern had the cleaning services contract for the building, and part of its responsibilities was to periodically mop the floors, including the lobby.

Doyle frequently worked evenings and left the building after normal operating hours. On previous occasions when she left after hours, she had seen the crews mopping and had seen warning signs both near the elevator bank in the lobby and elsewhere in the lobby during mopping. She knew that when they were mopping and wet floor signs were out that the tile floors were slippery and, since you could not tell from looking at the tile whether it was wet or not, she should be careful.

On Friday, February 14, 1992, Doyle was leaving the building around 7:55 p.m. As required when leaving after hours, she got off the elevator, turned to her right toward the lobby, and went to the guard desk to sign out. The sign-out book required that she go to the rear of the guard's desk, which faced toward the exit door in the lobby. After she signed out, Doyle proceeded across the lobby toward the exit. As she walked across the lobby, she saw a man standing near the ATM machine in the corner of the lobby to her front and left. As she testified at her deposition, "I saw the cleaning man. . . . [H]e had his mop in his hand." She said good night and happy Valentine's Day to the mopper and waved to him with her left hand. Immediately thereafter, she fell, injuring her back. She was midway between the guard desk and the exit when she fell.

In support of their motion for summary judgment, Taylor and Southern submitted the affidavits of Stuckey and Zacholski. Stuckey was employed by Barton Security, not a party to this action, and was

the guard at the desk the night Doyle fell. He was at the guard desk and stated that "I know that one such caution sign was placed close by the elevator bank, and was visible to anyone exiting the elevator." According to Stuckey, the man mopping was 20 to 30 feet from Doyle when she fell. Attached to his affidavit and made part of it was the "Irregularity Report" filled out by him that night, noting the time as 7:56 p.m., and including the statement "[f]loor sign was in lobby near elevator."

Zacholski was the supervisor for Southern the night of the accident. He was summoned after Doyle fell. His affidavit stated that "[o]ne sign was immediately next to the elevator bank, and in plain view of anyone who left the elevators and walked toward the security desk to sign out."[1]

With regard to the sign near the elevator bank, Doyle stated that "I did not see a wet floor sign there." Further, she said "I did not see any caution, wet floor signs that night prior to the fall."

The trial court concluded that there remained genuine issues of material facts precluding summary judgment.

1. Under the standard of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), the unequivocal affidavits of Stuckey and Zacholski, when considered against Doyle's statement that she did not see any sign near the elevators, are not enough to create an issue of fact as to the existence of at least this one sign. " 'In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. When uncontradicted and unimpeached evidence is produced as to the real facts, the inference disappears, and does not create a conflict in the evidence so as to require its submission to a jury.' [Cit.]" *Lea v. American Home Equities*, 210 Ga. App. 214 (1) (435 SE2d 734) (1993); *Stockstill v. Prime Foods System*, 216 Ga. App. 192, 193 (1) (453 SE2d 784) (1995).

2. " 'The slip and fall cases involving foreign substances are inapplicable in an instance where the plaintiff alleges that she fell because of the slippery wax, oil, or other finish that defendant (has) placed on the floor. Because the defendant applied or authorized the application of the floor treatment, he is presumed to have knowledge of its existence. [Cit.] In this type of case the plaintiff may make out a cause of action by showing an act or omission on the part of the defendant which was the proximate cause of his injury and which could not have been avoided by the plaintiff through the exercise of ordinary care.

---

[1] While Zacholski stated that there were additional signs posted around the lobby, since Doyle states there was none *in the area of her fall*, we disregard evidence of any other signs.

[Cit.]' *Alterman Foods v. Ligon*, 246 Ga. 620, 623-624 (272 SE2d 327) [(1980)]." *Lindsey v. J. H. Harvey Co.*, 213 Ga. App. 659, 660 (445 SE2d 810) (1994).

The fact that Doyle did not see the warning sign near the elevator bank does not create a material issue of fact. She stated that she was not distracted by anything as she walked from the elevators; she merely did not see the sign. *Stockstill*, supra; *Adams v. Winn-Dixie Stores*, 192 Ga. App. 892, 893 (386 SE2d 686) (1989). Such a sign, even if the only one, when placed near the bank of elevators from which users of the building exit into the lobby, constituted reasonable and ordinary care on the proprietor's part. *Stockstill*, supra; *Adams*, supra. Compare *Broomberg v. Hudgens*, 206 Ga. App. 797, 800 (3) (426 SE2d 617) (1992).

Doyle did, however, see the cleaning man holding his mop near the ATM machine. She was close enough to him to engage in a casual greeting with him and to wave. She knew he was mopping. That there was no sign in the immediate vicinity of her fall is not enough, in itself, to create a material issue of fact necessitating a jury trial. *Stockstill*, supra; *Lindsey*, supra; *Winn-Dixie Atlanta v. Bianco*, 204 Ga. App. 292 (418 SE2d 819) (1992).

3. Doyle argued in her opposition to summary judgment statements she said were made by an unidentified woman who appeared on the scene after she fell which indicated the wet floor signs were on the fourth floor.

On summary judgment, " ' "(e)videntiary rules regarding the admissibility . . . of evidence are applicable in a summary judgment proceeding." . . . (H)earsay evidence is without probative value and (cannot be) considered . . . unless it is part of the res gestae.' [Cit.] Yet, once the party moving for summary judgment has made out a prima facie case, as was done by movants in this case, the burden of proof shifts to the opposing party who must come forward with rebuttal evidence or suffer judgment against it." *Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 65 (2) (a) (397 SE2d 576) (1990). See, e.g., *Fuller v. Charter South*, 216 Ga. App. 211, 213 (2) (453 SE2d 754) (1995); *Medley v. Boomershine Pontiac-GMC Truck*, 214 Ga. App. 795, 796 (1) (449 SE2d 128) (1994).

What was observed by someone, even an unidentified employee of a party, after the accident, is not part of the res gestae and is not admissible. *Holmes v. MARTA*, 200 Ga. App. 172, 174 (407 SE2d 124) (1991); *Hall v. Rome Auto. Co.*, 181 Ga. App. 621, 622 (2) (a) (353 SE2d 542) (1987). Therefore, Taylor and Southern were entitled to summary judgment.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur in the judgment only.*

DECIDED NOVEMBER 22, 1995 —
RECONSIDERATION DENIED DECEMBER 12, 1995 —

*Bodker, Ramsey & Andrews, Harry J. Winograd, David J. Maslia,* for appellants.

*Feldman & Associates, Monroe J. Feldman, Douglas R. Sandberg,* for appellee.