## A96A2521. COFFEY v. WAL-MART STORES, INC.
### (482 SE2d 720)

BIRDSONG, Presiding Judge.

Michael Coffey appeals the grant of summary judgment to Wal-Mart Stores, Inc., on Coffey's claims arising from an incident in which he slipped and fell while shopping in a Wal-Mart. Coffey contends the trial court erred by granting summary judgment because at the time he slipped and fell he was exercising reasonable care for his own safety and because Wal-Mart failed to exercise reasonable care because it did not clean up the spill which it knew, or should have known, presented a danger.

The record shows that Coffey frequently shops at Wal-Mart, and the store is generally well lighted. On this day, he intended to purchase some motor oil and an oil filter for his truck. Although Coffey left school in the tenth grade, he can neither read nor write and thus requested the assistance of a Wal-Mart employee to help him find the proper oil filter for his truck. While the employee stayed at one end of the aisle looking in a book or parts catalog which gave this information, Coffey walked down the aisle to pick out the motor oil.

This aisle is about four or five feet wide; one can reach out and touch the items on both sides of the aisle, and the floor of the aisle is

covered by "off-white" colored tile. Coffey pushed his shopping cart down one side of the aisle until he was about 18-20 feet from the Wal-Mart employee, picked out five quarts of oil from the shelf, put the oil in the child's seat in the shopping cart, and started back toward the Wal-Mart employee who was still looking in the catalog. About eight to ten feet from the employee, however, Coffey slipped and fell on a clear, colorless substance which smelled like Armorall, or a similar product. Coffey slipped and fell about eight to ten feet from the oil and about eight to ten feet from the Wal-Mart employee. Coffey did not see the substance before he fell; when he passed it going toward the oil, he was looking at the oil, and he did not pass over it then because he was walking on the other side of the aisle.

When Wal-Mart employees mopped up the substance after Coffey fell, Coffey saw that the substance was about 20 inches across. Coffey does not know why the substance was on the floor or how the substance got there. He only saw the substance on the floor after he fell; the substance could have been water for all he knew. The floor was not generally slippery and Coffey did not see any tracks through the substance nor any drips leading away from it.

At the time he fell, Coffey was not looking down at the floor, but if he had been looking down, it is possible that he would have seen the substance. When he fell, however, he was looking at the Wal-Mart employee who was examining the catalog. The Wal-Mart employee was facing the shelf and was not talking to Coffey, there were no other Wal-Mart employees around at the time and Coffey cannot recall if there were other customers in the area. There was no merchandise in the aisle.

Although Coffey testified that he did not know when Wal-Mart last inspected or cleaned the aisle, a Wal-Mart employee gave an affidavit stating that she came to Coffey's assistance while he was on the floor and she was absolutely positive she had inspected the exact location where he fell less than 15 minutes earlier and the floor in that same location was dry and free of any foreign substance.

Wal-Mart moved for summary judgment relying upon Coffey's deposition testimony that he was not looking at the floor when he fell and upon the affidavit of its employee that the floor was dry and free of any foreign substance less than 15 minutes before Coffey fell.

In response, Coffey relied upon the distraction doctrine. He claimed that he was distracted from watching for any substances on the floor because he was looking at the Wal-Mart employee who was examining the catalog. The trial court granted summary judgment to Wal-Mart because the floor had been inspected less than 15 minutes before Coffey fell and no foreign substance was found, Wal-Mart had no knowledge of the substance, and the substance was in plain view. Coffey now appeals. *Held*:

1. Coffey has not followed the rules of this Court in that the argument in his brief does not follow the order of the enumerations of error and the argument is not numbered to correspond to the enumerations. See Court of Appeals Rule 27 (c) (1). Instead, his enumerations of error allege the trial court committed the following errors of law: (1) Appellant exercised ordinary care for his own safety; (2) Appellant was distracted by an employee of appellee and was thus excused from his failure to locate the spill on appellee's floor, which resulted in his injuries. The trial court failed to apply the distraction theory to the facts of this case; (3) Appellee failed to exercise ordinary care in keeping its premises safe (OCGA § 51-3-1); (4) Appellee failed to exercise ordinary care in keeping its premises safe due to the fact that an employee was positioned in the immediate vicinity of the spill upon which appellant fell. Thus, Coffey contends the "15 minute rule" has no bearing in this case.

The argument in Coffey's brief, however, raises only two points: (1) The trial court erred by granting Wal-Mart's motion for summary judgment as Coffey was exercising reasonable care for his own safety at the time of the alleged incident, and (2) the trial court erred by granting Wal-Mart's motion for summary judgment as Wal-Mart failed to exercise reasonable care by not cleaning a spill which Wal-Mart knew, or should have known, presented a danger. Accordingly, any error enumerated and not argued within these topics is deemed abandoned. Court of Appeals Rule 27 (c) (2).

2. "In Georgia, although the owners and occupiers of land owe certain duties to those who enter the premises, those duties vary according to the relationship between the owner and the one entering. The mere ownership of land and buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of the safety of entrants on his premises." (Footnotes omitted.) Adams & Adams, Ga. Law of Torts (1996 ed.), p. 97, § 4-1. Thus, "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1.

The standard of proof necessary to establish liability on the part of a proprietor in slip and fall cases involving foreign substances on floors is set forth in *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327), in which our Supreme Court "clarified the policy considerations and respective duties imposed on the parties" (Adams & Adams, Ga. Law of Torts (1996 ed.), pp. 123-124, § 4-6) because "[t]he cases have tended to drift toward a jury issue in every 'slip and fall' case." *Alterman Foods*, supra at 621.

In *Alterman Foods*, the Supreme Court reiterated that to prevail,

a plaintiff must show that the owner or proprietor "was aware of the substance or would have known of its presence had he exercised reasonable care. Thus it is said that only when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. Normally a proprietor is permitted a reasonable time to exercise care in inspecting the premises and maintaining them in a safe condition. However, the proprietor is under no duty to continuously patrol the premises in absence of facts showing that the premises are unusually dangerous. Knowledge on the part of the proprietor that there is a foreign substance on the floor that could cause patrons to slip and fall may be either actual or constructive. In some cases the proprietor may be held to have constructive knowledge if the plaintiff shows that an employee of the proprietor was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard." (Citations and punctuation omitted.) Id. at 622.

Our Supreme Court has not yet rejected or revised the *Alterman Foods* standards, and consequently they remain binding on this Court even though we may now believe we have a better concept for allocating the burdens on the parties. Ga. Const. 1983, Art. VI, Sec. VI, Par. VI. Nevertheless, because of recent divergences within this Court in slip and fall cases, perhaps it is time for the Supreme Court to revisit this issue.

Significantly, however, the Supreme Court has altered one important aspect in judicial consideration of these cases. In *Alterman Foods* the Supreme Court, in accordance with the procedures regarding motions for summary judgment then in effect, stated that the movant had the burden of establishing the nonexistence of any genuine issue of material fact. *Alterman Foods*, supra at 625. After *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474), however, this is no longer true. "[A]t summary judgment a party who will not bear the burden of proof at trial need not conclusively prove the opposite of each element of the non-moving party's case. Rather, that party must demonstrate by reference to evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case. In other words, summary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case. In so holding, we overrule anything to the contrary. [Cits.]" *Lau's Corp. v. Haskins*, 261 Ga. at 495.

Thus, after *Lau's Corp.*, movants for summary judgment are no longer required to disprove the essential elements of the plaintiff's case. See also *Evans v. Heard*, 264 Ga. 239, 241 (442 SE2d 753). This

is a significant change because, even at summary judgment, "to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods,* supra at 623.

Of course, merely showing that the plaintiff fell establishes nothing. " 'Proof of nothing more than the occurrence of plaintiff's fall is insufficient to establish defendant's negligence.' " *Wilson v. Duncan,* 211 Ga. App. 814, 815 (440 SE2d 550); *Lee v. Peacock,* 199 Ga. App. 192 (3) (404 SE2d 473). See *Alterman Foods,* supra at 624: "To presume that because a customer falls in a store that the proprietor has somehow been negligent would make the proprietor an insurer of his customer's safety which he is not in this state."

In this case, Coffey has not met his burden of showing that Wal-Mart had actual or constructive knowledge of the substance on the floor. The employee that Coffey contends was in the immediate area was further away from the substance than Coffey and there is no evidence that she ever approached the substance. Further, rather than working in the area, she came to the aisle with Coffey to assist him in finding something in the parts catalog which was eight to ten feet away from the substance. Under our law, an employee merely working in the immediate area of a foreign substance is not enough; the employee must have been in a position to have easily seen the substance and removed it. *Alterman Foods v. Ligon,* supra at 622; *Mitchell v. Rainey,* 187 Ga. App. 510, 512 (370 SE2d 673), citing *Mitchell v. Food Giant,* 176 Ga. App. 705, 709 (337 SE2d 353): "We conclude there never has been a rule in this state that liability can be shown by nothing more than the fact that the defendant's employee was in the immediate area of the hazardous substance. In every case, the rule that states that proposition also requires a finding that the defendant's employee had 'an opportunity to discover and remove the hazard,' which can only be shown . . . by evidence that the hazard existed for a length of time sufficient for the defendant to discover the hazard and remove it." There is no such evidence in this case. Further, the other Wal-Mart employee's affidavit showed that the substance was not on the floor 15 minutes before Coffey fell. Therefore, as Coffey failed to show that Wal-Mart had actual or constructive knowledge of the substance on the floor, the trial court did not err by granting summary judgment to Wal-Mart.

3. Moreover, although Coffey attempts to rely upon the distraction doctrine, that doctrine is inapplicable to these facts. Coffey

alleges that he was distracted because he was looking at the clerk while she looked for the part's number in the catalog. Although we recognize that our Supreme Court held in *Barentine v. Kroger Co.*, 264 Ga. 224, 225 (443 SE2d 485), that apparently looking at a sales clerk is some evidence of care for one's own safety, because Coffey failed to show that Wal-Mart had superior knowledge of the substance on the floor whether Coffey exercised care for his own safety is not an issue that need be reached in this case. Here, Coffey claims that looking at the sales clerk was a distraction that prevented him from seeing the substance on the floor. If this was a distraction, however, it was self-induced and Coffey cannot rely upon it. *Anderson v. Dunwoody North Driving Club*, 176 Ga. App. 210, 212 (335 SE2d 451); *Redding v. Sinclair Refining Co.*, 105 Ga. App. 375, 378 (124 SE2d 688).

Under these facts, Coffey failed to carry his burden in responding to Wal-Mart's motion for summary judgment, and the trial court did not err by granting summary judgment for Wal-Mart.

*Judgment affirmed. Beasley and Blackburn, JJ., concur.*

DECIDED FEBRUARY 25, 1997.

*Mundy & Gammage, John S. Husser, George B. McWhorter*, for appellant.

*McLain & Merritt, Howard M. Lessinger*, for appellee.