## A98A0158. TERRY et al. v. COLLINS.
### (497 SE2d 395)

Judge Harold R. Banke.

Cindy Michelle Terry, individually and as representative of the estate of Maxine Brown, commenced this negligence action against Meriwether Regional Hospital and Memorial Nursing Home, Robert W. Bowen, M.D., and J. E. Collins, M.D. After the trial court summarily granted summary judgment to Collins, Terry brought this appeal challenging that disposition.

This case arose after Maxine Brown sought care from Collins, a general practitioner who treated her off and on for 20 years, for excessive uterine bleeding. She then was seen by Bowen, a gynecologist who shared office space with Collins. Bowen recommended a hysterectomy and scheduled the procedure at Meriwether Regional Hospital. Although Brown survived the surgery, apparently she developed a postoperative pulmonary embolus and died the following

day.[1] *Held*:

Terry contends that questions of material fact regarding the postoperative responsibility Collins bore for Brown preclude summary judgment. We agree.

Summary judgment is appropriate only when the movant establishes that no issues of material fact remain to be tried and the undisputed facts, viewed in the light most favorable to the nonmovant, warrant judgment as a matter of law. *Moreland v. Traffic Masters*, 225 Ga. App. 244 (483 SE2d 368) (1997). A defendant's success in this depends on presenting proof that there is no evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case. Id. at 244-245.

Both Collins and Bowen testified that Bowen was solely responsible for Brown's postoperative care. The record shows that Collins stopped performing surgery years before Brown's final treatment, after an illness in early 1990 paralyzed his right side. Bowen, Collins' brother-in-law's first cousin, offered to help and began using Collins' office about one half-day each week to provide surgical services for Collins' patients. Bowen's primary practice was located in Riverdale.

Notwithstanding the testimony by Collins and Bowen, the hospital admitted in its answer that Brown "was left in the post-operative care of thee [sic] nurses and staff of the Defendant hospital and J. E. Collins, M.D." The fact that Collins contributed to the postmortem progress notes in Brown's hospital records, summarizing her stay, raises a question of his participation in the postoperative treatment. In his summary, Collins described Brown as "a patient of mine." Other hospital records also support the contention that Collins was not uninvolved in Brown's care. For example, physician's orders from the day of the surgery state "Start (IV) I5 LR @125 CC hr. p.o. Dr. Collins/Dr. Bowen."

Further, several nurses from the hospital testified that when Bowen performed surgery on Collins' patients, Collins usually handled the postoperative treatment. Nurse Lennon stated that after surgery, "Dr. Bowen would come and see the patient the next day and Dr. Collins would take calls [if there was a problem]." She believed this arrangement applied to Brown and would have called Collins had she discovered a problem. Nurse Goodin testified that she understood that Collins "was the round" on Brown, meaning he was to provide postsurgical treatment. In her preoperative visit notes, Nurse Goodin recorded that both Bowen and Collins had apparently talked to Brown about the procedure and the risk involved. Nurse Buffington testified that had she known something was wrong with Brown,

---

[1] No autopsy was performed.

she would have called Collins. Nurse Brown testified that she administered Mylanta to Brown after a vomiting episode based upon Collins' standing order to medicate his patients for nausea. She did not call him or get permission, but recorded her actions in the medical record.

The record indicates that hospital staff called Collins shortly after discovering Brown's condition and he arrived at the hospital in time to witness the final efforts at resuscitation. He examined the body shortly thereafter. He talked to the immediate family and recommended an autopsy. This proof constrains us from concluding that Collins succeeded in pointing out by reference to the record that there was no evidence, viewed in the light most favorable to the nonmovant, sufficient to create a genuine jury issue on his participation in Brown's postoperative treatment. *Coffey v. Wal-Mart Stores*, 224 Ga. App. 824, 827 (2) (482 SE2d 720) (1997).

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 18, 1998.

*Reynolds & McArthur, W. Carl Reynolds, Bradley J. Survant*, for appellants.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Robert C. Martin, Jr., Clarence M. Mullin*, for appellee.