A98A0236. STEVENS v. SEARS, ROEBUCK & COMPANY.

(501 SE2d 279)

Judge Harold R. Banke.

Cynthia Stevens sued Sears, Roebuck & Company ("Sears"), alleging negligence. After the trial court granted Sears' motion for summary judgment, Stevens commenced this appeal, enumerating five errors.

This case arose after Stevens dropped her car off at Sears' automotive department. Stevens left the car in the garage doorway and a Sears sales associate drove it into the bay and onto a lift. Despite several signs in the area prohibiting customers from entering the service bays, Stevens followed the car into the garage and walked up behind the mechanic, who was discussing what needed to be done to the car with the sales associate. Unaware of Stevens' presence behind him, the mechanic lifted the lift extender (sometimes called a skid pad) up with his foot and it allegedly struck her on the inner part of her left ankle.

The trial court held that Stevens' failure to show that Sears breached a legal duty to her barred her claim. It reasoned that because the lift extender was a readily observable condition which she should have seen, her contributory negligence was the sole proximate cause of her injury. *Held*:

1. Stevens maintains that a jury should decide whether her injury was caused solely by her failure to exercise ordinary care for her own safety or by the mechanic's negligence. We agree.

Generally, issues of negligence, contributory negligence and lack of ordinary care are not susceptible to summary adjudication. *Robinson v. Kroger Co.*, 268 Ga. 735, 739 (1) (493 SE2d 403) (1997). Summary judgment on such issues is appropriate only where the evidence is plain, palpable and indisputable.

Notwithstanding Sears' contention to the contrary, viewing the evidence in the light most favorable to Stevens as the non-movant, we believe she presented sufficient proof to create a jury issue on whether Sears breached its duty to her. *Coffey v. Wal-Mart Stores,* 224 Ga. App. 824, 827, 828 (2) (482 SE2d 720) (1997). The characterization of the lift extender as an open and obvious condition in "plain view" is unsatisfying because the injury occurred when the mechanic suddenly kicked it into Stevens' ankle. We cannot say as a matter of law that Stevens should have anticipated that action. Compare *Robinson,* 268 Ga. at 743 (1); see *Greenforest Baptist Church v. Shropshire,* 221 Ga. App. 465, 467 (471 SE2d 547) (1996). The fact that the lift extender was impelled into Stevens' ankle distinguishes *Meriwether Memorial Hosp. Auth. v. Gresham,* 202 Ga. App. 535, 536-537 (414 SE2d 694) (1992), on which Sears relies.

There was contradictory evidence about the visibility of the

warning signs. Stevens testified that she saw no warning signs prohibiting customer entry into the service area. Sears cited to no evidence demonstrating the visibility, positioning or size of the signs. Compare *Taylor & Mathis, Inc. v. Doyle*, 219 Ga. App. 445, 446 (465 SE2d 484) (1995) (physical precedent only). The jury must decide whether the signs provided sufficient notice that customers were barred from the service area.

Notwithstanding the effectiveness of the signs, the record raises questions of whether the sales associate and the mechanic knew Stevens had entered the forbidden area, but did nothing. See *Globe Oil Co., USA v. DeLong*, 182 Ga. App. 395, 396 (1) (356 SE2d 47) (1987). The sales associate testified that she knew Stevens was in the service area. The mechanic testified that he saw Stevens swing around the guardrail separating the customer entry area from the service area. But he did not look around before moving the lift extender and neither Sears employee testified that they informed Stevens she was in a prohibited area. In these circumstances, we are constrained to find that the questions of whether Stevens acted with ordinary care and whether her actions were the proximate cause of her injury are for the jury. *Lipham v. Federated Dept. Stores*, 263 Ga. 865, 866 (440 SE2d 193) (1994).

2. In light of our analysis, we need not reach Stevens' remaining enumerations.

*Judgment reversed. Pope, P. J., and Beasley, J., concur.*

DECIDED APRIL 7, 1998.

*Ellerin & Associates, Irwin M. Ellerin*, for appellant.

*Swift, Currie, McGhee & Hiers, Monique R. Walker, W. Ray Persons*, for appellee.