## 74294. COOK et al. v. ARRINGTON.
### (358 SE2d 869)

BEASLEY, Judge.

This is an appeal by plaintiffs, Mr. and Mrs. Cook, from the grant of summary judgment to defendant storeowner in their suit for personal injuries and loss of consortium allegedly sustained as a result of Mrs. Cook's slip and fall just inside the door of defendant's store. The complaint maintained that defendant was negligent in having left clear liquid (later specified as rainwater) on the floor so as to put the safety of its customers in peril, and for not having taken precautions to alleviate the dangerous situation or to warn customers of the hazard.

" 'A summary judgment should not be rendered unless there is no genuine issue as to any material fact and unless the moving party is entitled to a judgment as a matter of law. [OCGA § 9-11-56]. The burden is upon the movant to affirmatively show that there is no genuine issue and that he is entitled to a summary judgment. The party opposing the motion for a summary judgment is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists. The evidence must be construed most favorably to the opposing party, and the trial court must give him the benefit of all favorable inferences that may be drawn from the evidence. [Cits.]' [Cit.]" *Norton v. Ga. R. Bank & Trust*, 253 Ga. 596, 603 (322 SE2d 870) (1984).

The evidence, thus viewed, shows: it was raining the morning of Mrs. Cook's fall and had stopped approximately one hour prior to her arrival at the store. She had entered her car for the trip immediately from the kitchen door adjacent to the carport, so at no time was she exposed to the weather before or upon entry to her car. She drove directly to the Piggly Wiggly and parked in the store lot. There was a puddle out front. Business was only moderate that day so there were few people in and out and no carts had been taken out. When Mrs. Cook entered the store there was no foot mat either outside or inside the entrance. Once inside, as she approached the area where the buggies were stored, her feet slipped out from under her and she fell; she had the sensation that she was slipping on something liquid on the tile floor. She did not notice any liquid on the floor prior to or after

the fall. None of the store employees saw any liquid on the floor before or after the mishap, not even the manager who had gone by the site of the fall about twenty minutes before it happened. There had been no mopping that day.

After being removed from the floor, Cook discovered that the outseam of her right pants leg as well as the undergarments beneath were wet. Her clothes were not wet in any other area and the liquid on her pants leg and undergarments was odorless and colorless and seemed to be water. She had no idea where the liquid came from. After the incident, store personnel mopped the area as a precaution even though they did not see any liquid on the floor.

"[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

"[L]iability for injuries resulting from an invitee's slip and fall on a proprietor's premises is determined by the relative 'knowledge' possessed by the proprietor and the invitee of the condition or hazard which resulted in the injury. ' "The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition." ' [Cit.]" *Telligman v. Monumental Properties*, 161 Ga. App. 13, 14 (2) (288 SE2d 846) (1982). Therefore, the legal issue before us is whether the evidence demonstrates as a matter of law that defendant did not have superior knowledge to that of Mrs. Cook of the condition or hazard which resulted in the slip and fall.

"It is common knowledge that when people enter any building in rainy conditions, moisture is tracked in and the inside of the door is likely to be wet; it is a matter of common knowledge that some water will normally be present where shoppers pass during rainy weather. [Cit.] It is not the duty of persons in control of such buildings to keep a large force of moppers to remove the rain as fast as it collects. [Cit.] The duty owed to such invitees is one of ordinary care, or to protect against an unreasonable risk of harm. [Cit.] The risk of harm imposed by some accumulation of water on the floor of business premises during rainy days is not unusual or unreasonable in itself, but is one to which all who go out on a rainy day may be exposed and which all may expect or anticipate. [Cits.]" *Colbert v. Piggly Wiggly Southern*,

175 Ga. App. 44, 45 (1) (332 SE2d 304) (1985).

Here, it had stopped raining approximately one hour prior to the mishap. No store employee saw water or any liquid substance on the floor area near the fall prior to it nor after it. The fall occurred not immediately in the entrance but close by, near the buggy storage area; the buggies had not been taken outside the store, thus discounting rain-wet buggies as the source of the liquid. Cook never saw any liquid on the floor although she was looking where she was going. The whole basis for her contention that there was a foreign substance on the store floor was the fact of her slip and fall plus the prior rain plus the wet spot on her clothes.

Even assuming the inference that she slipped on rainwater, there is simply nothing in the evidence to show superior knowledge on the part of the defendant of a hazard which could give rise to a duty to remove it or warn customers, so that failure to do so could be found to constitute a failure to exercise the duty of ordinary care in keeping the premises safe, which befalls the one who is in control of the premises. OCGA § 51-3-1. *Alterman Foods v. Ligon*, supra at 622. See also *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170 (138 SE2d 77) (1964). In this state, the proprietor is not an insurer of its customers' safety. *Colbert*, supra at 46 (1).

Appellants make much of the store's failure to mop; however, inasmuch as the rain had stopped for some time, store traffic was light, and no moisture was observed on the floor, the decision not to mop would not raise a question of the store's lack of diligence toward making the premises safe. No facts here gave rise to a duty to mop.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 4, 1987 —
REHEARING DENIED JUNE 19, 1987 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*William G. Scrantom III*, for appellants.
*David S. Currie, John Austin*, for appellee.