## A98A1458. EDWARDS v. INGLES MARKET, INC.
(506 SE2d 205)

BLACKBURN, Judge.

Rose Edwards appeals the trial court's grant of summary judgment to Ingles Market, Inc. in this "rainy day" slip and fall case. For the reasons set forth below, we reverse.

"In determining whether the trial court properly granted summary judgment, we review the record evidence de novo to determine whether that evidence, with all inferences construed in [Edwards'] favor, showed as a matter of law that [Ingles was entitled to summary judgment]." *Bell v. Smith*, 227 Ga. App. 17 (488 SE2d 91) (1997).

Viewing the evidence in this light, the record shows that Edwards entered Ingles on August 15, 1994, during a rainstorm, to do her weekly grocery shopping. Edwards was accompanied by her granddaughter, whose hand she was holding. As Edwards approached the shopping carts near the entrance, she slipped in a puddle of water approximately 12 inches in diameter and fell. She testified that she was not looking at the floor as she was walking, but was looking at the shopping carts she was approaching. She also stated that, if she had been looking at the floor, she would have been unable to see the puddle, which was invisible. Edwards was wearing flat, rubber-soled shoes at the time of her fall.

Virginia Hand, another customer who had entered the store before Edwards, testified that, approximately 15 minutes prior to Edwards' fall, she reported the presence of the puddle which caused the fall to the store manager. She also stated that no warnings regarding the wet floor were posted. Ingles' manager, Enman Hayes, disputed this testimony, stating that he was not forewarned about the puddle on the floor by Hand.

"[T]o recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known." *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997). See also *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980). Moreover, "an invitee might recover for personal injury in a slip and fall only when the perilous instrumentality is known to the owner or occupant and not known to the person injured." (Punctuation omitted.) *Robinson* at

736. The true ground of liability is the owner or occupier's superior knowledge of the hazard and the danger therefrom. *Cook v. Home Depot*, 214 Ga. App. 133, 134 (1) (447 SE2d 35) (1994).

1. In this case, Hand testified that she informed Ingles' manager about the puddle on the floor approximately 15 minutes prior to Edwards' fall. Although Ingles' manager denies such knowledge, for purposes of summary judgment, we must construe the evidence in Edwards' favor. As such, the first prong of the *Robinson* test is satisfied because there was testimony that Ingles had actual, and therefore superior, knowledge of the puddle which caused Edwards' fall.

Contrary to Ingles' arguments, the fact that Edwards and Ingles must be considered to have equal constructive knowledge that the floor might be wet in a *general* sense on such a rainy day does not prevent Edwards from satisfying the first prong of *Robinson*. "*Gibson v. Consolidated Credit Corp.*[, 110 Ga. App. 170 (138 SE2d 77) (1965),] and subsequent cases hold that store proprietors are not liable to patrons who slip and fall on floors made wet by rain conditions where there has been no unusual accumulation of water and the proprietor has followed reasonable inspection and cleaning procedures. As do *Alterman Foods*[, supra,] and *Robinson*[, supra,] *Gibson* and the cases following it recognize that the proprietor is not an insurer of its invitees' safety and the true ground of its liability is its superior knowledge of the hazard. As stated in *Gibson*, it is a matter of common knowledge that some water would normally be present at a place where shoppers continually pass in and out during rainy weather. It is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas." (Punctuation and footnotes omitted.) *Smith v. Toys "R" Us*, 233 Ga. App. 188, 191 (504 SE2d 31) (1998).

The present case, however, is distinguishable from *Gibson* and its progeny as Ingles had superior knowledge of the puddle which caused Edwards to fall. "Equal knowledge of both parties as to weather conditions does not bar recovery, as would the invitee's knowledge of the specific hazard which caused the fall. Although it can be said that both parties had constructive knowledge that the weather conditions would produce a wet floor at the store's entrance, as the evidence now stands defendant but not plaintiff knew that [the puddle in which plaintiff slipped had formed prior to plaintiff's fall]. Plaintiff, on the other hand, could assume that the owner/operator was keeping the premises safe." *Smith*, supra at 192. Whether Ingles was therefore negligent for failing to mop up the puddle prior to Edwards' fall is a question for a jury. See, e.g., *Weight Watchers of Greater Atlanta v. Welborn*, 165 Ga. App. 290 (299 SE2d 760) (1983).

2. The second prong of *Alterman Foods*, supra, requires that "the

customer must exercise care for [her] own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to [her] *or* in the exercise of ordinary care [she] should have learned of it." (Punctuation omitted; emphasis in original.) *Piggly Wiggly Southern v. James*, 225 Ga. App. 846, 847 (485 SE2d 223) (1997). A customer employs ordinary care when she uses "all senses to discover and avoid hurtful things. The established standard is whether, taking everything into account, the act is one which the common sense of mankind pronounces want(s) of such prudence as the ordinarily careful person would use in a like situation." (Citations omitted.) *Robinson*, supra at 741.

"Given the evidence, it is a jury question whether [Edwards] failed to exercise ordinary care for her own safety. Her testimony that she was not looking directly at the floor at the time she fell because she was [looking at the shopping carts] does not alone show she was not exercising ordinary care. Looking continuously, without intermission, for defects in a floor is not required in all circumstances. What is a reasonable lookout depends on all the circumstances at the time and place." (Citations and punctuation omitted.) *Smith*, supra at 192.

It is the duty of this Court to follow the mandate of our Supreme Court which "remind[s] members of the judiciary that the 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and that summary judgment is granted only when the evidence is plain, palpable, and undisputed." *Robinson*, supra at 748. As the evidence here was not plain, palpable or undisputed, summary adjudication was inappropriate.

*Judgment reversed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 20, 1998.

*Van C. Wilks*, for appellant.
*Chambers, Mabry, McClelland & Brooks, Emory S. Mabry III, Robert M. Malcom*, for appellee.