## A06A1868. LEIBEL v. SANDY SPRINGS HISTORIC COMMUNITY FOUNDATION, INC.
### (636 SE2d 27)

PHIPPS, Judge.

After attending a jazz concert at the Williams-Payne House, Julie Leibel and her family returned to a public parking area where they had left their car. While there, Leibel slipped, fell, and broke her ankle. She claims that her mishap was caused by gum balls that had fallen to the ground from sweetgum trees surrounding the parking area. Leibel sued the operator of the Williams-Payne House, the Sandy Springs Historic Community Foundation, Inc., for negligence in failing to exercise reasonable care in maintaining the premises in a safe condition. Leibel appeals the trial court's award of summary judgment to the Foundation. We affirm.

"This [c]ourt reviews de novo the grant of a motion for summary judgment to determine whether the trial court properly found that no material issues of fact existed and that the movant was entitled to judgment as a matter of law."[1] The following facts are undisputed.

The concert was held on April 30, 2000, in an area of Fulton County that is now Sandy Springs. Leibel attended the concert with her husband and three children. She had been to the Williams-Payne House many times before. She and her family arrived around 6:00

---

[16] Id. at 177 (citation omitted).
[1] *Cleveland v. Snowdrop Properties*, 232 Ga. App. 447 (501 SE2d 546) (1998).

p.m. and parked their car along the driveway that connects the house and grounds with Hilderbrand Road. The area is used for parking, although it is not designated as such. A grassy hill with sweetgum and other trees slopes upward from the side of the driveway on which the Leibels parked their vehicle. The Leibels parked their vehicle behind numerous other vehicles that were parked parallel to one another on the paved shoulder of the driveway.

As Leibel and her family were returning to the vehicle, her eight-year-old daughter raced ahead of the others and ran up on the hill to the passenger side of the vehicle. Suddenly, she slipped and slid underneath the vehicle. When she cried for help, Leibel hurriedly came to her assistance. Positioning herself to help the child, Leibel put her left foot on the grassy hill and her right foot on the paved shoulder of the driveway. While leaning down trying to pick the child up, Leibel's left foot slipped out from under her and she fell to the ground.

Leibel testified by deposition that she slipped on gum balls from surrounding sweetgum trees. When asked how she knew that, Leibel responded that as she was falling she felt an object under her foot and that, after she fell, she looked at the ground in the area where she had fallen and saw the gum balls. When asked how she knew that her fall was caused by one of the gum balls rather than another object such as a rock or acorn, Leibel responded that there were no other such objects in the area. Leibel further testified that she had not noticed the gum balls before she fell and that no one in her family had commented on their presence.

"Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."[2] But "[a]n owner or occupier is not an insurer of an invitee's safety. The law requires only such diligence toward making the premises safe as the ordinarily prudent person in such matters is accustomed to use."[3]

> A proprietor has a duty to exercise ordinary care to keep the premises safe for invitees, which includes a duty to inspect the premises to discover possible dangerous conditions of which he does not know and to take reasonable precautions

---

[2] OCGA § 51-3-1; *Jackson v. Waffle House*, 245 Ga. App. 371, 373 (1) (537 SE2d 188) (2000).
[3] *Hamblin v. City of Albany*, 272 Ga. App. 246, 248 (612 SE2d 69) (2005) (punctuation and footnotes omitted).

to protect the invitee from dangers which are foreseeable from the arrangement and use of the premises.[4]

In a series of cases involving slips and falls on water on rainy days, and on leaves on fall days, and on ice in winter weather, we have held that where the accumulation of such substances "on a premises is naturally occurring and not attributable to any affirmative action on the proprietor's part, the proprietor has no affirmative duty to discover and remove it in the absence of evidence that it had become an obvious hazard by means other than natural accumulation."[5] There is, however, another line of cases holding that

> the accumulation of [a] naturally occurring [substance such as ice or rainwater] does not negate an owner's duty to exercise ordinary care in inspecting the premises in every circumstance. [A substance] forming due to inevitable natural forces unaffected by human agency does not preclude examination into the question of whether or not the defendant was negligent in failing to take remedial action. Liability results only from an owner's failure to exercise ordinary care to make repairs after notice to him of the defective condition coupled with a failure to repair within a reasonable time.[6]

In *Dumas*,[7] a patch of ice had formed as a result of water running onto a restaurant parking lot from an adjacent hill and wooded area. In *Augusta Country Club*,[8] seed pods falling from magnolia trees onto one of the pathways on the grounds of the country club had become a huge maintenance problem. Here, there is no evidence that the natural accumulation of the gum balls from the sweetgum trees onto the grassy area off the paved surface of the roadway had become a maintenance problem. Nor is there any evidence that the accumulation that had occurred was such as to have put the operator of the premises on notice of any hazardous or defective condition that would have been discoverable even on reasonable inspection. Under the

---

[4] *Johnson v. Autozone*, 219 Ga. App. 390, 392 (465 SE2d 463) (1995) (citation and punctuation omitted).

[5] *Cleveland v. Snowdrop Properties*, supra at 448 (citations and punctuation omitted); see *Columbus Doctors Hosp. v. Thompson*, 224 Ga. App. 682 (482 SE2d 705) (1997); *Porter v. Omni Hotels*, 260 Ga. App. 24, 25 (1) (579 SE2d 68) (2003).

[6] *Dumas v. Tripps of North Carolina*, 229 Ga. App. 814, 816-817 (2) (495 SE2d 129) (1997) (punctuation omitted), citing *Fincher v. Fox*, 107 Ga. App. 695, 698 (1) (131 SE2d 651) (1963); see *Augusta Country Club v. Blake*, 280 Ga. App. 650 (1) (b) (634 SE2d 812) (2006) and cits.

[7] Supra.

[8] Supra.

circumstances, the operator of the premises had no duty to remove the natural accumulation of the fruit of the trees from the side of the road.

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 2, 2006 —
RECONSIDERATION DENIED AUGUST 31, 2006 — 

*Casey, Gilson & Leibel, George P. Shingler*, for appellant.
*Seacrest, Karesh, Tate & Bicknese, Karsten Bicknese*, for appellee.