A06A1184. DICKERSON v. GUEST SERVICES COMPANY OF VIRGINIA et al.
(636 SE2d 44)

PHIPPS, Judge.

After slipping and falling on wet stairs at a restaurant in the Six Flags Over Georgia amusement park, Virginia Dickerson sued Six Flags Over Georgia, LLC; Six Flags Over Georgia II, L.P.; and Guest Services Company of Virginia (collectively, Six Flags) for negligence. Six Flags sought summary judgment on the grounds that it had acted reasonably to keep her safe and that it had no actual or constructive knowledge of any hazardous condition, and the trial court granted the motion. Dickerson appeals, but we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the undisputed facts, considered in the light most favorable to the nonmovant, warrant judgment as a matter of law.[1] We review a trial court's grant of summary judgment de novo.[2]

Viewed in the light most favorable to Dickerson, the record shows that one May morning, she rode with her daughter and grandsons from Columbus to Six Flags. They encountered "spells of rain" along the way, but the rain had stopped by the time they reached the park at noon. There were rain puddles on the ground, and Dickerson carried her umbrella into the park. After entering the park, the family went to Savannah Bake Shop to have a snack and wait for friends to join them. The building that housed the restaurant also housed a gift

[1] *Flagstar Enterprises v. Burch*, 267 Ga. App. 856 (600 SE2d 834) (2004).
[2] *Walker v. Sears Roebuck & Co.*, 278 Ga. App. 677 (629 SE2d 561) (2006).

shop on a lower level accessible by three internal stairs. When Dickerson entered the building, she saw water on the floor from other people who had previously entered.

After the family had eaten, Dickerson's daughter saw her friends in the gift shop and walked down the stairs with her older son to join them. Dickerson followed with her younger grandson. She held onto the staircase railing with one hand and her grandson's hand with the other. As she descended the steps, her foot slipped and "went airborne," and she fell and injured her knee.

Dickerson testified that she saw no water on the steps before she fell, but afterward she noticed that the steps were wet. She submitted the affidavit of her daughter, Evangeline Powell, who stated that she had walked down to the gift shop using the same steps on which her mother later fell. Powell further stated: "I noticed that the steps had water on them. I went to the souvenir shop and told a young sales clerk that the steps were wet. . . . I started browsing and shortly thereafter I heard [Dickerson] fall."

Six Flags submitted the affidavit of its merchandising manager, Doug Weaver, who stated that he knew of no other slip and fall incidents on those steps and no other complaints or concerns about them. Weaver also stated that employees at the restaurant routinely inspected the premises to ensure that they were safe and that supervisors also inspected the premises at least once per hour during operating hours.

In a premises liability case, proof of a fall, without more, does not establish the proprietor's liability.[3] The proprietor may be liable only if he had superior knowledge of a condition that exposed an invitee to an unreasonable risk of harm.[4]

In *Gibson v. Consolidated Credit Corp.*,[5] this Court's seminal "rainy day" slip and fall case, we recognized that "when people are entering any building when it is raining, they will carry some moisture on their feet, which will render the floor near the door on the inside damp to some extent, and every one knows that a damp floor is likely to be a little more slippery than a dry floor."[6] "The risk of harm imposed by some accumulation of water on the floor of business premises during rainy days is not unusual or unreasonable in itself, but is one to which all who go out on a rainy day may be exposed and

---

[3] *Emory Univ. v. Smith*, 260 Ga. App. 900, 901 (581 SE2d 405) (2003).

[4] Id.

[5] 110 Ga. App. 170 (138 SE2d 77) (1964).

[6] Id. at 173 (2) (citation and punctuation omitted); see also *Roby v. Kroger Co.*, 219 Ga. App. 459, 460 (465 SE2d 496) (1995) ("when it rains, the ordinary person is aware that water is apt to be found in any area frequented by people coming in from the rain outside").

which all may expect or anticipate."[7] Therefore, "[u]nder Georgia law, a slippery condition caused solely by rainwater is not a hazard because it presents no unreasonable risk of harm."[8]

In granting summary judgment to Six Flags, the trial court followed these principles. It held that "the evidence shows only that the step was wet — and because a wet step on a rainy day presents a reasonable risk which all may anticipate, [Six Flags] breached no legal duty owed to [Dickerson]." We agree.

Dickerson argues that the trial court erred because the steps on which she fell were located "inside the building and not exposed directly to the rain." But our "rainy day" analysis does not stop at a proprietor's front door. Rather, an invitee is charged with constructive knowledge that rainy weather can cause interior floors near entrances to become slippery from water tracked in on patrons' feet.[9] A photograph attached as an exhibit to Dickerson's deposition shows that the steps on which she fell were only a few feet from the building's entrance, such that a reasonable person would have anticipated that they, too, might get wet on a rainy day.

Dickerson also cites *Smith v. Toys "R" Us*,[10] in which we held that "[e]qual knowledge of both parties as to weather conditions does not bar recovery, as would the invitee's knowledge of the specific hazard which caused a fall."[11] In *Smith*, a shopper fell on a grocery store floor on a rainy day after stepping into a "one-inch deep puddle of water which splashed as she stepped in it."[12] Given the unusually large accumulation of water, we held that a jury could infer that the store's inspection procedures were inadequate and that the store had superior knowledge of the hazard.[13] Summary judgment was therefore inappropriate.[14] Dickerson, in contrast, described the water on the Savannah Bake Shop steps as a "residue," not a deep puddle or any other unusually large accumulation that could have presented an unreasonable risk of harm. Thus, *Smith* does not apply here.

Finally, Dickerson contends that Six Flags's failure to provide floor mats to absorb water tracked into the building was evidence of negligence precluding summary judgment. In *Key v. J. C. Penney Co.*,[15] however, we held that a proprietor's failure to place mats on the

---

[7] *Walker*, supra at 680 (2) (citation and punctuation omitted).

[8] *Emory Univ.*, supra.

[9] See *Walker*, supra; *Emory Univ.*, supra.

[10] 233 Ga. App. 188 (504 SE2d 31) (1998).

[11] Id. at 192 (2) (footnote omitted).

[12] Id. at 189.

[13] Id. at 191.

[14] Id.

[15] 165 Ga. App. 176 (299 SE2d 895) (1983).

floor on a rainy day was not negligence because patrons were aware of weather conditions and "could plainly see that no mats were present."[16] Although Dickerson urges us to revisit *Key*'s holding, we decline to do so.

Because Dickerson presented no evidence that Six Flags exposed her to any unreasonable risk of harm, we affirm the trial court's grant of summary judgment.

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 18, 2006 —
RECONSIDERATION DENIED AUGUST 31, 2006 — 

*Teddy R. Price*, for appellant.
*Carlock, Copeland, Semler & Stair, Wayne D. McGrew III, Heather H. Miller, Francis C. Schenck*, for appellees.

