## A06A1755. ROBERTS v. OUTBACK STEAKHOUSE OF FLORIDA, INC.

### (641 SE2d 253)

RUFFIN, Judge.

James Roberts slipped and fell near an entrance inside an Outback Steakhouse. He later filed a negligence action against the restaurant. Outback Steakhouse of Florida, Inc. moved for summary judgment, arguing that Roberts had failed to prove either causation or that the restaurant had superior knowledge of any alleged hazard. The trial court granted the motion, and this appeal followed. We hold that the trial court ruled correctly, and we affirm.

Summary judgment is appropriate when there are no genuine issues of material fact and the record demonstrates that the movant is entitled to judgment as a matter of law.[1] We review a trial court's ruling de novo on a motion for summary judgment, and in so doing we view the evidence, and all reasonable conclusions drawn therefrom, in a light most favorable to the nonmovant.[2]

Viewed in this manner, the record shows that on March 31, 2002, at approximately 6:00 p.m., Roberts met certain of his family members at an Outback Steakhouse for dinner. According to Roberts, there had been thunderstorms that day and it was raining until just before he arrived at the restaurant. After joining his family at a table and placing his order, Roberts thought he recognized a bartender at the restaurant, and he walked to the bar. Upon approaching the woman, Roberts realized that he did not know her and began walking back toward his table. While returning to his table, Roberts slipped and fell near the entrance of the restaurant. According to Roberts, he did not know what caused him to fall. However, other patrons of the restaurant claimed that the floor where Roberts fell was wet. In fact, one other patron testified that he had slipped in the same vicinity as Roberts but did not fall.

Roberts alleged that the restaurant failed to maintain the premises in a safe condition, and it failed to inspect for possible hazards. The trial court granted the restaurant's motion for summary judgment, and Roberts appeals.

Where a business owner or occupier expressly or impliedly invites patrons to enter its establishment, such owner or occupier is required to exercise ordinary care in keeping the premises safe for invitees and may be held liable in damages for failure to do so.[3] "But an owner or occupier is not an insurer of an invitee's safety. The law

---

[1] See *Walker v. Sears Roebuck & Co.*, 278 Ga. App. 677 (629 SE2d 561) (2006).

[2] See id.

[3] See *Leibel v. Sandy Springs Historic &c., Inc.*, 281 Ga. App. 390, 391 (636 SE2d 27) (2006).

requires only such diligence toward making the premises safe as the ordinarily prudent person in such matters is accustomed to use."[4] It imposes neither the impossible nor the improbable. In recognition of the fact that business proprietors are not insurers of safety, courts have routinely drawn a distinction between falls caused by *foreign* substances on the ground or floor and falls caused by a naturally occurring hazard.[5] If the fall is caused by a natural occurrence, the risk of which the invitee should appreciate, the owner/occupier may be held liable only if the risk has become unreasonable.[6] And we have held that the *normal* accumulation of water at the entrance of a business during a rainy day is not an unreasonable hazard.[7] This is so because "it is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas."[8] If, however, the risk is abnormal, such as an unusual accumulation of water, the owner/occupier may be liable for failing to alleviate the condition.[9]

Here, Roberts points to no evidence showing that the water accumulation at the entrance of the Outback Steakhouse was unusual. Rather, Roberts's witnesses merely testified that the floor near the entrance was wet, which is to be expected on a rainy day. Even after he fell, Roberts was unable to say with certainty that rain water caused him to slip. Moreover, Roberts concedes that it had rained heavily that day, and the rain had stopped just as he reached the restaurant. Thus, there is no suggestion that Outback Steakhouse allowed water to remain on the floor long after the storm had ended. Indeed, one of the restaurant managers on duty that night testified that he walked the entire restaurant every 15 minutes and did not

---

[4] (Punctuation omitted.) Id.

[5] See *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 177-178 (2) (138 SE2d 77) (1964) (rain water); *Fisher v. HBS Mgmt.*, 220 Ga. App. 752, 752-753 (469 SE2d 885) (1996) (ice); *Leibel*, supra (natural accumulation of ground cover from trees).

[6] See *Walker*, supra at 680 (2) ("Store proprietors are not liable to patrons who slip and fall on floors made wet by rain conditions unless there has been an unusual accumulation of water and the proprietor has failed to follow reasonable inspection and cleaning procedures."); *Leibel*, supra (operator of concert venue under no duty to remove the debris from trees absent evidence that condition had become unduly hazardous).

[7] See *Gibson*, supra; *Walker*, supra at 681; *Palermo v. Winn-Dixie Atlanta*, 221 Ga. App. 532, 533-534 (1) (472 SE2d 85) (1996); *Cook v. Arrington*, 183 Ga. App. 384, 385 (358 SE2d 869) (1987) (" 'The risk of harm imposed by some accumulation of water on the floor of business premises during rainy days is not unusual or unreasonable in itself, but is one to which all who go out on a rainy day may be exposed and which all may expect or anticipate.' ").

[8] (Punctuation omitted.) *Walker*, supra at 680.

[9] See *Smith v. Toys "R" Us*, 233 Ga. App. 188, 190-192 (1) (504 SE2d 31) (1998) (one-inch puddle of water "an unduly heavy accumulation"); *Edwards v. Ingles Market*, 234 Ga. App. 66, 67 (1) (506 SE2d 205) (1998) (store had actual knowledge of puddle 12 inches in diameter).

notice any hazardous condition.[10] Under these circumstances, Roberts has failed to show that he was exposed to an unreasonable risk of harm, and the trial court properly granted summary judgment in favor of Outback Steakhouse.[11]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 12, 2007.

*Buckley King, Ralph L. Taylor III*, for appellant.
*McLain & Merritt, M. David Merritt*, for appellee.

---

[10] Roberts suggests that we should discount this testimony given "conflicts" between the manager's affidavits and deposition testimony. However, there is no material conflict. Rather, the manager testified that it was his practice to walk the entire restaurant every 15 minutes, and thus the most time that could have elapsed before Roberts's fall was 15 minutes.

[11] See *Walker*, supra; *Cohen v. Target Corp.*, 256 Ga. App. 91, 92-93 (567 SE2d 733) (2002).