S07G0062. DICKERSON v. GUEST SERVICES COMPANY OF
VIRGINIA et al.
(653 SE2d 699)

BENHAM, Justice.

While a guest at the Six Flags Over Georgia amusement park, Virginia Dickerson was injured when she slipped and fell on wet stairs leading from a restaurant to a store in the same building. In her suit against the proprietor, she admitted she was aware it had been raining on the day she fell and that people entering the restaurant were tracking water onto the floor, but testified she looked at the stairs before using them and saw no water until after her fall when she looked at the stairs from the floor and saw a residue of water on the stairs. Dickerson's daughter, who had used the same stairs earlier, stated in an affidavit that she noticed water on the stairs and notified a store employee of that fact prior to her mother's fall, and was told the employee was aware of the water on the stairs and had called someone to deal with the situation. In support of a motion for summary judgment, Six Flags relied on evidence of its procedures for monitoring premises conditions and of the physical layout of the premises, including the location of the stairs near the entrance of the restaurant, and a safety report by an employee stating he saw a warning sign nearby and was told by employees the sign had been there all morning. The trial court granted summary judgment to the defendants and the Court of Appeals affirmed. *Dickerson v. Guest Svcs. Co. of Va.*, 281 Ga. App. 387 (636 SE2d 44) (2006). This Court granted certiorari and posed the following question:

> Did the Court of Appeals err in affirming the grant of summary judgment to the defendants where an invitee plaintiff injured in a slip and fall presented evidence that a proprietor had been forewarned about a hazardous condition caused by inclement weather? Compare *Walker v. Sears Roebuck & Co.*, 278 Ga. App. 677 (629 SE2d 561) (2006), with *Edwards v. Ingles Market, Inc.*, 234 Ga. App. 66 (506 SE2d 205) (1998), and *Smith v. Toys "R" Us, Inc.*, 233 Ga. App. 188 (504 SE2d 31) (1998).

Ten years ago, in *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997), this Court sought to correct an observed tendency to grant summary judgment as a matter of course to defendants in premises liability cases, and reminded bench and bar that

> the "routine" issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of

> ordinary care for personal safety are generally not suscep-
> tible of summary adjudication, and that summary judgment
> is granted only when the evidence is plain, palpable, and
> undisputed.

Id. at 749. Our review of the record in this case and the pertinent appellate decisions persuades us that the present case represents the sort of adjudication *Robinson v. Kroger Co.*, supra, was intended to prevent.

The Court of Appeals began its analysis by correctly noting that a "proprietor may be liable only if he had superior knowledge of a condition that exposed an invitee to an unreasonable risk of harm." *Dickerson v. Guest Svcs. Co. of Va.*, supra, 281 Ga. App. at 388. The Court of Appeals then moved past the issue of the relative knowledge of the parties and addressed the issue of unreasonable risk, holding that Six Flags had not exposed Dickerson to an unreasonable risk of harm since " 'a slippery condition caused solely by rainwater is not a hazard because it presents no unreasonable risk of harm.' [Cit.]" Id. at 389. That last statement, which amounts to holding that a propri-etor can never be liable for an injury resulting from slipping on a floor wet with rainwater, is overbroad in the context of a fall in the interior of a commercial establishment. The holding quotes from *Emory Univ. v. Smith*, 260 Ga. App. 900 (581 SE2d 405) (2003), a case involving a fall on a rain-wet surface outdoors, and that case relied, in turn, on *Cohen v. Target Corp.*, 256 Ga. App. 91 (567 SE2d 733) (2002), another case involving a fall on an outdoor ramp on a rainy day. The holding in those cases that a slippery condition caused solely by rainwater presents no unreasonable risk of harm is based on the common-sense notion that everyone knows that wet surfaces can become slippery. "It is common knowledge that water accumulates on the ground on rainy days, and the risk of harm imposed by this accumulation is not unreasonable but is one to which all who go out on a rainy day may be exposed and which all may expect or anticipate." (Citation and punctuation omitted.) Id. at 93. However, since that concept is based on the common knowledge that the ground outside gets wet on rainy days, it cannot properly be applied to a portion of an interior space where an invitee has no reason to expect water to accumulate on the floor.

Continuing the effort to show that Six Flags did not expose Dickerson to an unreasonable risk, the Court of Appeals relied on *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170 (138 SE2d 77) (1964), and *Walker v. Sears Roebuck & Co.*, 278 Ga. App. 677 (629 SE2d 561) (2006), to suggest that Dickerson, as a matter of law, was required to anticipate that the stairs on which she slipped would be wet. In both of those cases, however, the plaintiff slipped on an

accumulation of water at the entrance of the premises, and the Court of Appeals held it to be common knowledge that water would be present at a place where shoppers continually pass in and out during rainy weather. *Walker v. Sears Roebuck & Co.*, supra, 278 Ga. App. at 680; *Gibson v. Consolidated Credit Corp.*, supra at 175. To apply the holding of those cases to this case, the Court of Appeals held that since the evidence showed the stairs on which Dickerson slipped were "only a few feet from the building's entrance," a reasonable person would anticipate the stairs might get wet as well. However, the Court of Appeals failed to note that the same deposition that led the Court of Appeals to find as a fact that the stairs were near the entrance showed that the stairs were not in line with the door so that persons who entered would track water directly to the stairs, and that there was another entrance to the portion of the premises at the bottom of the stairs so that persons who wished to enter that portion of the premises were not required to come in through the doors near the stairs. Thus, contrary to the impression created by the Court of Appeals's restricted description of the premises, we cannot determine as a matter of law that a reasonable person would have anticipated that the stairs might get wet on a rainy day. Therefore, the attempt in the Court of Appeals's opinion to avoid the question of the relative knowledge of the parties by demonstrating there was, as a matter of law, no unreasonable risk was unsuccessful. Accordingly, the question of relative knowledge of the hazard must be addressed.

In the question posed by the order granting the writ of certiorari in this case, we suggested that *Walker v. Sears Roebuck & Co.*, supra, be compared with *Edwards v. Ingles Market, Inc.*, supra, and *Smith v. Toys "R" Us, Inc.*, supra. The distinction between *Walker* and the other cited cases is that in *Walker*, there was no evidence to establish the superior knowledge of the proprietor of the hazard, while in each of the other cases, the evidence established either actual knowledge (*Edwards*) or circumstances such as to impute to the proprietor knowledge of the hazard (*Toys "R" Us*). In the present case, evidence from which a jury could find the proprietor had actual knowledge of the hazard exists in the affidavit from Dickerson's daughter which indicated not only that she had informed an employee of the hazard prior to Dickerson's fall, but that the employee had been aware of the hazard for some time. Thus, the present case is more like *Edwards* and *Toys "R" Us* than like *Walker*. As in *Edwards*, the evidence that the proprietor was informed of the hazard establishes, for summary judgment purposes, the fact of the proprietor's actual knowledge of the hazard. As in both *Edwards* and *Toys "R" Us*, the evidence establishes at most constructive knowledge of the hazard on Dickerson's part. Under the holdings in those cases, Six Flags must be

deemed for purposes of summary judgment to have superior knowledge of the hazard, rendering the grant of summary judgment to Six Flags improper. The Court of Appeals erred in holding otherwise.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 5, 2007 —
RECONSIDERATION DENIED DECEMBER 13, 2007.

*Teddy R. Price*, for appellant.
*Carlock, Copeland, Semler & Stair, Wayne D. McGrew III, Heather H. Miller, Schenck & Associates, Francis C. Schenck*, for appellees.