**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

July 11, 2012

# In the Court of Appeals of Georgia

A12A0628. COURTER v. PILOT TRAVEL CENTERS, LLC.          DO-029

DOYLE, Presiding Judge.

This appeal arises from the trial court's grant of summary judgment to defendant Pilot Travel Centers, LLC, in a negligence and personal injury action. Kenneth Courter, his employer J & R Schugel Trucking, Inc., and its workers' compensation carrier Great West Casualty Company filed this action following an incident in which Courter slipped and fell at one of Pilot's fuel service stations, sustaining injuries that prevented him from carrying out his duties of employment. Following the grant of summary judgment, the plaintiffs appealed, challenging the trial court's conclusion that Courter had equal knowledge of the hazard causing his fall and that he failed to exercise ordinary care for his own safety. Finding no error, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

Viewed in this manner, the record establishes that Courter became a licensed commercial driver in 1996. Prior to the accident in question, he had never slipped and fallen anywhere to his recollection, nor had he seen or heard of other truck drivers slipping and falling on diesel fuel at a truck stop. He had walked through diesel fuel before and was aware that it was slippery. He also knew that diesel is even more slippery when mixed with water, and that water is often splashed on the pavement when truck drivers wash their windshields at truck stops.

On August 24, 2006, while on his way from Indiana to a warehouse in Georgia, Courter stopped at a Pilot center just north of Cartersville, Georgia, in order to wash his windshield and get coffee. Courter arrived at the fuel location at about 10:30 p.m., and pulled up to a covered, well-lit fuel island. After stopping his truck with the

---

[1] OCGA § 9-11-56 (c).

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

driver's side door about four feet away from the fuel island, Courter applied the parking brakes, opened the door, and observed that the concrete surface was wet. He also saw that the pavement was discolored due to diesel fuel having been spilled on the ground, like at "every other truck stop." He was not concerned that the ground might be slippery.

Courter climbed down from the truck, holding the hand rails of the truck with his hands, and upon setting both feet on the ground, he felt that it was slippery. Upon sensing this, he chose not to get back into the truck to go to a different fuel island because he wished to clean his windshield. Instead, after waiting three or four seconds, he tried to turn around and close the door, at which time he slipped and fell onto his left side, landing on his hip, elbow, and foot. Because the ground was so slippery, Courter was unable to get up initially after falling down, and he had to grab the steps of his truck to pull himself up.

Courter then got back into the truck, pulled out of the fuel island, and went inside the service station to inform the cashiers of his fall. The cashiers informed their manager, who then spoke with Courter, filled out an accident report, took pictures of him, and then instructed a worker to wash down the fuel island with a pressure washer. As Courter waited inside the service station, he felt pain in his elbow and had

3

a scrape on his left hand, but did not ask for medical attention at the scene aside from a first aid kit to clean up his abrasions. Initially, he did not feel further pain, but thereafter began to experience pain in his elbow, shoulder, and neck.

Due to Courter's injuries, the plaintiffs filed suit, and following the trial court's grant of summary judgment, they timely appealed to this Court.

Appellants first contend that the trial court erred by concluding that he had equal knowledge of the hazard as a matter of law.[3] We disagree.

"[A] proprietor may be liable only if he had superior knowledge of a condition that exposed an invitee to an unreasonable risk of harm."[4] Although summary judgment is granted only when the evidence is plain, palpable, and undisputed,"[5]

> [t]he mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of the

---

[3] The appellants' brief conflates concepts of general premises liability with the affirmative defense of assumption of the risk. Nevertheless, the trial court's order employed a premises liability analysis, which we review here.

[4] (Punctuation omitted.) *Dickerson v. Guest Svcs. Co. of Va.*, 282 Ga. 771, 772 (653 SE2d 699) (2007). See also *Robinson v. Kroger*, 268 Ga. 735, 748-749 (2) (b) (493 S.E.2d 403) (1997).

[5] See *Robinson*, 268 Ga. at 739 (2) (b).

owner or occupier merely upon a showing that an injury has been sustained by one rightfully upon the premises.[6]

Here, Courter admitted that he saw that the pavement was wet prior to alighting from his vehicle. He also admitted that he saw staining from diesel fuel and other foreign substances on the pavement. Courter further deposed that he was aware that the combination of diesel fuel and water can render the ground particularly slippery. Under these facts, Courter cannot show that Pilot had superior knowledge of the wetness and staining which caused him to fall.[7] Our courts have noted that it is "common-sense" that "everyone knows that wet surfaces can become slippery,"[8] and in this case Courter deposed that he was aware of the particular risk of wet, fuel-stained ground surfaces. Therefore, even assuming that Pilot had constructive knowledge of the condition of the ground, the trial court correctly concluded that the record lacks evidence showing Pilot's superior knowledge of the hazard causing

---

[6] (Punctuation omitted.) *Hadaway v. Cooner Enterprises, Inc.*, 172 Ga. App. 113, 114 (321 SE2d 830) (1984).

[7] See, e.g.,*Walker v. Sears Roebuck & Co.*, 278 Ga. App. 677, 681 (2) (629 SE2d 561) (2006) (summary judgment was appropriate because the premises owner lacked superior knowledge compared to plaintiff, who deposed that she also was aware that customers track water into stores on rainy days).

[8] *Dickerson*, 282 Ga. at 772.

Courter's fall.[9] Because Courter had this knowledge and observed the hazard even prior to stepping onto the pavement, we discern no error.

*Judgment affirmed. Andrews and Boggs, JJ., concur.*

---

[9] See *Music v. Steamco, Inc.*, 265 Ga. App. 185, 186 (593 SE2d 370) (2004).