**FIRST DIVISION**
**ELLINGTON, C. J.,**
**DOYLE, P. J. and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**November 20, 2012**

# In the Court of Appeals of Georgia

A12A1072. PARKER v. ALL AMERICAN QUALITY FOODS, INC.    DO-059

DOYLE, Presiding Judge.

Frank Parker slipped while grocery shopping in a local Food Depot and filed the instant personal injury lawsuit against All American Quality Foods, which operated the store. Parker appeals the trial court's grant of summary judgment to the store, and we reverse for the reasons that follow.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all

reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the evidence establishes that Parker went grocery shopping on a rainy day in December 2009. Parker took a shopping cart after entering the front door and proceeded into the store, passing a row of six cash registers to his left. He stopped to look at a display of bread and slipped on water, which had accumulated on the floor. Parker noticed after the fall that his pants were wet on his hip, and he deposed that no warning signs were posted within the store. Parker's shopping companion averred that no warning signs were visible when the pair were in the store. As a result of the fall, Parker had his right hip replaced and continues to have issues related to the surgery.

Richard Davis, the store manager, deposed that shortly after he arrived for work, he heard a cashier scream because a customer had fallen. Davis approached Parker, and saw a nickle sized drop of water on the floor near the location of the fall. Davis instructed an employee to retrieve a mop and bucket from the back of the store to mop the area. Davis testified that store employees often inspect and mop the

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

premises, but did not state whether there was a schedule or routine, and he deposed that immediately upon arriving at the store about five to ten minutes before the fall, he had mopped the area on which Parker fell, however he also deposed that he saw water at the entrance of the store, and upon entry, grabbed a damp mop to remove the water.

The store filed a motion for summary judgment, which the trial court granted. This appeal followed.

> A proprietor may be liable only if he had superior knowledge of a condition that exposed an invitee to an unreasonable risk of harm. Although summary judgment is granted only when the evidence is plain, palpable, and undisputed, the mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one rightfully upon the premises.[2]

Here, the trial court erred by granting summary judgment to the store because questions of fact remained as to the store's negligence. The trial court erroneously concluded *as a matter of law* that the water upon which Parker allegedly fell was not

---

[2] (Footnote and punctuation omitted.) *Courter v. Pilot Travel Centers, LLC*, __ Ga. App. __, __ (730 SE2d 493) (2012).

an unreasonable risk of harm simply because it was rainy on the day he fell. This conclusion is contrary to Georgia law.[3] Parker did not fall at the entrance of the store, and instead, as found by the trial court "retriev[ed] a shopping cart and walk[ed] past six checkout stations" before falling. As the Georgia Supreme Court explained in *Dickerson v. Guest Services Co. of Va.*[4] although

> it is common knowledge that water accumulates on the ground on rainy days, and the risk of harm imposed by this accumulation is not unreasonable [because] that concept is based on the common knowledge that the ground outside gets wet on rainy days, it cannot properly be applied to a portion of an interior space where an invitee has no reason to expect water to accumulate on the floor.[5]

Moreover, the trial court's order stated that "[t]here is no evidence of anything approaching an unusual quantity of standing water on the store's floor," but our case law does not hold that a showing of "an unusual quantity" of standing water is required in order to show an unreasonable risk of harm, only that it is one of many

---

[3] See *Dickerson v. Guest Svcs. Co.*, 282 Ga. 771 (653 SE2d 699) (2007).

[4] 282 Ga. at 772-773.

[5] Id. at 772.

4

possible abnormal risks.[6] The testimony is disputed as to the amount of water at the location of Parker's fall, so it is for the jury to determine whether an unreasonable risk of harm existed at the location of his fall from the amount of water located there. And while the store argues that Davis remedied any hazard by mopping the area with a damp mop prior to Parker's fall, Davis's deposition testimony was inconsistent regarding his time of arrival at the store and the portion of the store that he mopped: for instance, Parker did not fall at the entrance of the store, but Davis deposed that he mopped immediately after entering through the store's front door because there was some water at the entrance.

Moreover, it is also a jury question as to whether the store exercised reasonable care with regard to its duty to keep the premises safe for customers because Davis's testimony was inconsistent and Parker and his companion both testified that signs were not posted and a mop had to be brought from the back of the store, disputing Davis's testimony regarding store procedure of posting warning signs and keeping

_____

[6] See *Roberts v. Outback Steakhouse of Fla., Inc.*, 283 Ga. App. 269, 270 (641 SE2d 253) (2007) (explaining that "the normal accumulation of water *at the entrance* of a business during a rainy day is not an unreasonable hazard") (emphasis omitted and supplied).

5

a mop at the front of the store.[7] Accordingly, the trial court erred by granting summary judgment to the store.

*Judgment reversed. Ellington, C. J., concurs; Dillard, J., concurs in judgment only.*

---

[7] See *Smith v. Toys "R" Us*, 233 Ga. App. 188, 191-192 (1) (504 SE2d 31) (1998), compare with *Roberts*, 283 Ga. App. at 269-271.